CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 24 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANDRA A. BEASLEY, ) | |
|     Plaintiff, ) | Civil Action No. 7:06CV00163 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| ) | By Hon. Glen E. Conrad |
| MONTGOMERY COUNTY JAIL, ) | United States District Judge |
|     Defendant. ) | |

The plaintiff, Andra A. Beasley, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed the complaint, the court concludes that the plaintiff has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).*

Background

The plaintiff is presently incarcerated at the Montgomery County Jail in Christiansburg, Virginia. The plaintiff alleges that she failed to receive her evening meal on February 9, 2006. The officer responsible for serving the trays apparently miscounted the number of inmates in the plaintiff's dorm. The officer counted 22 inmates. However, the dorm contained 23 inmates. At approximately 1:30 a.m., another officer recounted the inmates. Although the officer counted 23 inmates, the plaintiff was not offered anything to eat at that time.

On February 10, 2006, the plaintiff filed a grievance regarding the missed meal. The responding officer apologized for the mistake, and noted that he had "taken steps to make sure it

---

* Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted.

Case 7:06-cv-00163-GEC-mfu   Document 5   Filed 03/24/06   Page 1 of 3   Pageid#: 12

doesn't happen again."

## Discussion

The Eighth Amendment to the United States Constitution protects inmates from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). However, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement. Id. at 347. In order to state a claim of constitutional significance, an inmate must allege facts which show that she has either sustained a serious or significant physical or emotional injury resulting from the challenged conditions of confinement, or that the conditions have created an unreasonable risk of serious injury. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993). An inmate must also allege facts which show that prison officials acted with deliberate indifference. Id. at 1379.

Applying these principles to the plaintiff's allegations, the court concludes that the plaintiff has failed to state a claim under the Eighth Amendment. The plaintiff does not allege that prison officials have seriously deprived her of other meals, or that she has suffered any adverse physical or mental effects from not receiving her evening meal on February 9, 2006. While the plaintiff may be angry because she was not offered additional food to compensate for the missed meal, the alleged deprivation in this case does not rise to the level of a serious or significant physical or mental injury. See White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993) (dismissing the plaintiff's claim that he only received two meals on weekends and holidays, since he made "no suggestion of any deleterious physical or mental effects from this meal schedule.").

2

For the reasons stated, the plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendant.

ENTER: This 24th day of March, 2006.

/s/ Judge
United States District Judge